IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELINDA MARIA STROUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No.   20-1479 |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 17 and 19).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 18 and 20).   After careful consideration of the submissions of the parties, and based on my opinion set forth below, I am denying Plaintiff's Motion (ECF No. 17) and granting Defendant's Motion for Summary Judgment. (ECF No. 19).

## I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act.   Plaintiff filed her applications on November 17, 2017 alleging disability began on July 15, 2012.   Administrative Law Judge ("ALJ"), Douglas Cohen, held a hearing on April 4, 2019.   (ECF No. 10-2, pp. 30-60).   On June 24, 2019, the ALJ found that Plaintiff was not disabled under the Act.   (ECF No. 10-2, pp. 16-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 17 and 19).   The issues are now ripe for review.

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Duty to Develop - Consultative Examination

Plaintiff first argues that the ALJ failed to adequately develop the record by not ordering a consultative evaluation.  (ECF No. 18, pp. 12-15).  After a review, I disagree.  The regulations make clear that it is the plaintiff's burden to prove that he/she is disabled, which means the plaintiff has the duty to provide medical and other evidence showing that he/she has an impairment(s) and how severe it is.  20 C.F.R. §§404.1512(a-c), 416.912(a-c).  This burden does not shift to the ALJ.  Nonetheless, an ALJ has the duty to develop the record sufficiently to make a determination of disability.  *Ventura v. Shalala,* 55 F.3d 900 (3d Cir. 1995); 20 C.F.R. §§404.1512(d), 416.912(d).  Usually, the issue of whether an ALJ had developed the record fully arises in situations involving a *pro se* claimant where the duty is heightened.  *Early v. Heckler,* 743 F.2d 1002 (3d Cir. 1984).  In this case, Plaintiff is not *pro se.*

Furthermore, "the decision to purchase a consultative examination will be made on an individual case basis."  20 C.F.R. §§404.1519; 416.919.  Generally, consultative examinations are ordered when an ALJ cannot get information needed from a claimant's medical sources. 20 C.F.R. §§404.1519a(a); 416.919a(a).   Additionally, consultative examinations may be ordered to resolve an inconsistency or when the evidence as a whole is insufficient to allow the ALJ to make a determination. 20 C.F.R. §§404.1519a(b); 416.919a(b). The decision to order a consultative examination is within the sound discretion of the ALJ.  *Thompson v. Halter,* 45 Fed.Appx. 146, 149 (3d Cir. 2002); 20 C.F.R. §§ 404.1517, 416.917.

Plaintiff argues that counsel requested the ALJ order a consultative examination but that the ALJ failed to mention or explain why he did not order one in his decision.  (ECF No. 18, p. 19).  To begin with, Plaintiff does not cite to a rule or regulation requiring the ALJ explain in the decision why he/she did not order a consultative examination.  *Id.*  Furthermore, during the discussion about a consultative examination at the hearing, Plaintiff's counsel volunteered that the record was complete.  (ECF No. 10-2, p. 33).  It was determined at the hearing, however, that this was not the case and that Plaintiff had recently undergone breathing tests of the type a consultative examiner would order. (ECF No. 10-2, pp. 33; 48-49; 59).  Upon review of the hearing transcript, it is evident the ALJ felt that a consultative exam was not required to make a determination since Plaintiff had just recently undergone medical testing from her own medical provider.[2]  (ECF No. 10-2, pp. 48-49).  So, the ALJ held the record open for Plaintiff to submit

---

[2] The following discussion took place at the hearing:

    ALJ:   Here's what I'm going to do, I'm going to leave the record open because I want to see the recent stuff and I want to see – even though I don't have a five-day letter I'm still going to leave the record open.   Okay, so we'll talk about that again.   So, but at this point I've got to give my RFC, you know, based on what I see at this time.
    ATTY:   And then, your honor, is there a possibility we might be able to send this claimant for consulting examination?
    ALJ:   Well, she has insurance now.   See, here's the problem with the consultative

4

those records.  *Id.*  Based on the same, I find no error on the part of the ALJ for not discussing in his determination the decision not to order a consultative examination.

As support for her argument that the ALJ should have ordered a consultative examination, Plaintiff also points to the state agency consultant note that a consultative exam is required. (ECF No. 18, pp. 13-14).   This reference is disingenuous at best.   First, it is noted that the state agency was unable to obtain certain medical records.   (ECF No. 10-4, pp. 4, 8).   As a result, a consultative examination was ordered for Plaintiff but she "did not respond to phone calls and/or letters to schedule this examination."   (ECF No. 10-3, pp. 11-12; 10-4, pp. 4, 8).   Second, by the time of the hearing before the ALJ, counsel advised that the medical record was complete.[3] (ECF No. 10-2, p. 33).   To that end, the record before the ALJ contained the medical records that the state agency was unable to obtain.   (ECF No. 10-2, p. 33; No. 10-1, p.2).   Finally, Plaintiff's suggestion that a consultative examiner "may have been able to give an opinion about some of her limitations" is simply not the standard for determining whether an ALJ failed in his duty to develop the record.   Thus, I am not persuaded by this argument.

Next, Plaintiff appears to reference the fact that she did not have health insurance between

---

examination, I'm going to get a consultative examination of 2019.   What does that tell me about 2012 or even 2013 or even 2014 or 2015?
ATTY:   Right.
ALJ:   You know?   So, I'm kind of disinclined to send her to see at this point.   But you've had, ma'am, you said you already had the breathing test?
CLMT:   Yeah, yeah.
ALJ:   Right.
CLMT:   Like I said I've been back to the doctor on the first –
ALJ:   Right.
CLMT:   And he was supposed to fax them that day.
ALJ:   Right, and so I would imagine, you know, she's already had the breathing tests, right.
So, I mean – anyway, I don't have any other questions at this point.

*See,* ECF No. 10-2, pp. 48-49.

[3] Later, Plaintiff testified she had recent breathing tests performed and the ALJ held the record open for 30 days for counsel to submit the records.   (ECF No. 10-2, p. 59).

5

November 2017 and February 2019, as support for her argument that the ALJ should have ordered a consultative examination.  (ECF No. 18, p. 13).   After a review, I find this argument unpersuasive.   It is well-established that an ALJ may rely on lack of treatment or the conservative nature of treatment, to make an adverse finding, but only if the ALJ acknowledges and considers possible explanations for the same.  *Wilson v. Colvin*, No. 3:13-cv-02401-GBC, 2014 WL 4105288, at * 11 (M.D. Pa. Aug. 19, 2014).    In this case, there is no doubt the ALJ considered Plaintiff's lack of health insurance at times during the relevant time period and the impact on her treatment.  (ECF No. 10-2, pp. 22-23).   Moreover, Plaintiff did have health insurance during certain periods of the relevant time period.   Furthermore, by the time of the hearing, Plaintiff had insurance, had seen her doctor, and her doctor had performed recent breathing tests. (ECF No. 10-2, pp. 48-49).   The record was left open for the submission of this additional evidence and that evidence was received and considered by the ALJ.   (ECF No. 10-2, p. 16).   Therefore, I find the ALJ did not error in not ordering a consultative examination on the basis that at certain times Plaintiff did not have health insurance.

Plaintiff also sets forth in a sentence that she was prescribed medication for her anxiety and depression on April 1, 2019, presumably in support of her argument that the ALJ should have ordered a consultative examination. (ECF No. 18, p. 13). The ALJ assessed all of the medical records, as a whole, and found no complaints or treatment for mental health prior to April 1, 2019. (ECF No. 10-2, pp. 19-20).   He further noted that she did not seek treatment from a specialist or at an emergency room for her symptoms.   *Id.*   I find this is accurate and supported by substantial evidence.   Thus, I find no merit with this suggestion.

Based on my review of the record as a whole, I find there was sufficient evidence of record for the ALJ to make a determination of disability as to Plaintiff's mental limitations.   Therefore, I find the ALJ did not have a duty to develop the record further.   Additionally, I find there is sufficient

evidence such that I am able to make a proper and meaningful review. Upon review, I find that there is substantial evidence to support the ALJ's decision. *Id*. Consequently, remand on this basis is not warranted.

### C. Residual Functional Capacity ("RFC")[4]

Plaintiff suggests that the ALJ's RFC is not supported by substantial evidence because it is not based on the opinion of a physician and that the ALJ should have ordered a consultative examination. (ECF No. 18, p. 15-17). As set forth above, I find the ALJ did not err in failing to order a consultative examination. Further, I acknowledge that "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). However, it is not a requirement. *Cummings v. Colvin,* No. 14-cv-251, 2015 WL 4092321, *6 (W.D. Pa. July 7, 2015). Rather, an ALJ is charged with formulating the RFC based on **all** of the relevant evidence. 20 C.F.R. § §414.1545(a)416.945(a).

Given the circumstances of this case, that is exactly what the ALJ did. The ALJ formulated Plaintiff's RFC based on all of the evidence of record, including medical evidence, Plaintiff's course of treatment or lack of treatment, Plaintiff's non-compliance with treatment, her work history, her lack of health insurance at times, Plaintiff's testimony, and activities of daily living. Further, I note that a plaintiff need not be pain free or symptom free to be found not disabled. Rather, a plaintiff must still show he/she is unable to perform substantial gainful activity.

---

[4] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a). In this case, the ALJ found Plaintiff could perform medium work with exceptions. (ECF No. 10-2, p. 21).

7

*Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990).   After a review of the evidence, I find I am able to make a proper and meaningful review and there is substantial evidence of record that the ALJ's RFC accounted for the limitations established by the evidence of record.   (ECF No. 10-2, pp. 16-25).   Thus, I find the ALJ did not err in formulating Plaintiff's physical RFC.   Therefore, remand is not warranted based on this argument.

      D.      **Step 2 - Severe Impairment**

Plaintiff argues that the ALJ erred when he did not find her left wrist impairment, left knee impairment, and mental health impairments were severe.   (ECF No. 18, pp. 17-19).   At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe.   20 C.F.R. §416.1420(a).   The mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004).   To be clear, the question of severity relies not on the particular condition, but on the limitations stemming from that condition.   *Id.*   An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months.   20 C.F.R. §§416.920(c), 416.921(a), 416.909, 42 U.S.C. §423(d).   If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

Typically, when an ALJ finds at least one impairment to be severe and continues on with the analysis, the failure to find an impairment severe is harmless because the Claimant is not denied benefits at step 2. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).   Rather, the ALJ proceeds beyond step 2.   In so doing, an ALJ makes a RFC

8

determination taking into consideration all impairments, including any impairment that is not severe.  Thus, an ALJ will consider a plaintiff's severe and non-severe determinable impairments in the evaluation process in determining a plaintiff's RCF.

In this case, the ALJ found Plaintiff's breathing impairment to be severe.  (ECF No. 10-2, p. 19).  The ALJ considered other impairments, including her left wrist impairment and her mental impairments of depression and anxiety and found them to be non-severe.  (ECF No. 10-2, pp. 19-20).  As I stated previously, an impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months.  I find substantial evidence supports the ALJ's findings that her left wrist impairment and her mental impairments of depression and anxiety were not severe.  *Id.*

With regard to Plaintiff's knee pain, the ALJ found it was not a medically determinable impairment due to lack of objective evidence.  (ECF No. 10-2, p. 20).  As the ALJ points out, there must be evidence from an acceptable medical source to establish the existence of a medically determinable impairment.  20 C.F.R. §§404.1521, 416.921.  Allegations or symptoms alone are not sufficient to establish a medically determinable impairment.  *Id.*  Only after it is determined that a plaintiff has a medically determinable impairment will the ALJ determine whether the impairment is severe.  *Id.*  In this case, Plaintiff alleges she hurt her knee in 2004 or 2005.  Plaintiff points to no evidence of the same other than her testimony.  (ECF No. 18, p. 18).  Upon review of the record, I find there is substantial evidence to support the ALJ's finding that her knee pain is not a medically determinable impairment.  *Id.*

In any event, the ALJ proceeded to the next steps.  (ECF No. 4-2, pp. 15-21). Thus, Plaintiff was not denied benefits at step 2.  Rather, the ALJ proceeded beyond step 2.  In so doing, the ALJ acknowledged that in making the RFC determination he considered all symptoms.

(ECF No. 10-2, p. 21).   Contrary to Plaintiff's assertion otherwise, the ALJ considered her severe and non-severe medically determinable impairments in determining Plaintiff's RCF.   *Id,* at pp. 22-23.   Therefore, I find any purported error was harmless such that a remand on this basis is not warranted.   *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

     E.    <u>**Subjective Complaints of Pain**</u>

Plaintiff argues that the ALJ erred by failing to "show any rational basis for discounting Plaintiff's testimony" related to her subjective complaints of pain. (ECF No. 18, p. 19).   In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.   SSR 16-3p.   Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.   20 C.F.R. §§404.1529(c), 416.929(c).   The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented.   *Id.*   I must defer to the ALJ's determinations, unless they are not supported by substantial evidence.   *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir.

1974), *cert. denied*, 420 U.S. 931 (1975).

Plaintiff's entire argument in this regard is one conclusory sentence suggesting her complaints of pain and other nonexertional impairments should be given great weight. (ECF No. 18, pp. 19-20). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument is completely misplaced. Regardless, I find the ALJ applied the standard above and adequately explained his reason for discounting Plaintiff's statements. (ECF No. 10-2, pp. 16-25). The reasons are supported by substantial evidence. *Id.* Consequently, remand is not warranted on this basis.

F. **Vocational Expert**

Finally, Plaintiff submits that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 18, p. 20). An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 10-2, pp. 16-25; 54-59). Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELINDA MARIA STROUP, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )   Civil Action No.   20-1479 |
| KILOLO KIJAKAZI,[5] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 17th day of December, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 17) is denied and Defendant's Motion for Summary Judgment (ECF No. 19) is granted.

BY THE COURT:

_Donetta F. Ambrose_
Donetta W. Ambrose
United States Senior District Judge

---

[5] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

12